

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
PHILADELPHIA REGIONAL OFFICE
ONE PENN CENTER
1617 JFK BOULEVARD
SUITE 520
PHILADELPHIA, PENNSYLVANIA 19103

**JULIA C. GREEN**
SENIOR TRIAL COUNSEL
(267) 602-2133
*greenju@sec.gov*

May 30, 2019

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007
Fax: (212) 805-7986

            **Re:    *SEC v. Burns*, No. 18-cv-6257 (PGG)**

Dear Judge Gardephe:

        I represent the Securities and Exchange Commission (the "Commission" or "SEC") in the
above-referenced case.  I write with the consent of defendant, Mark E. Burns ("Burns"), to seek
the Court's approval of the parties' settlement.  Attached are the defendant's executed consent
(the "Consent") and the proposed final judgment referenced therein (the "Consent Judgment").

        The Consent Judgment would:

(1)     enjoin Burns from violations of Section 17(a) of the Securities Act of 1933
        ("Securities Act") [15 U.S.C. § 77q(a)] and Sections 10(b) and 14(e) of the
        Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j and 78n]
        and Rules 10b-5(a) and (c) and 14e-8 thereunder [17 CFR §§ 240.10b-5(a) and (c)
        and 240.14e-8];

(2)     order Burns to pay disgorgement of $13,008 and prejudgment interest of $878.

(3)     order Burns to pay a civil penalty in the amount of $60,000; and

(4)     order that Burns pay the disgorgement, prejudgment interest, and penalty due,
        which total $73,886, pursuant to a two-and-a-half-year payment plan involving 11
        installments to the Commission according to the following schedule: (1) $20,000
        within 14 days of entry of this Final Judgment; (2) $5,500 every 90 days
        thereafter.

Hon. Paul Gardephe
May 30, 2019
Page 2 of 4

The Consent Judgment meets the requirements set forth by the Second Circuit in *SEC v. Citigroup Global Mkts., Inc.*, 752 F.3d 285 (2d Cir. 2014). The Commission respectfully requests that the Court approve the settlement and enter the Consent Judgment.

## I.      Background

This case concerns a scheme to manipulate the price of Fitbit, Inc. ("Fitbit") securities through false filings on the SEC's public database (commonly known as EDGAR). The SEC alleges that Burns acted with Robert W. Murray[1] and possibly others to fraudulently manipulate the price of Fitbit for a profit. The SEC alleges that, on November 9, 2016, minutes after Burns and Murray each purchased out-of-the-money Fitbit call options, Burns, Murray or someone acting with them filed a fake tender offer form on EDGAR in the name of a sham company, ABM Capital LTD ("ABM Capital"). The fake tender offer form falsely stated that ABM Capital had submitted a potential tender offer to the board of Fitbit with a price that represented a substantial premium to Fitbit's stock price at the time. When the false filing became publicly available, Fitbit's share price spiked by over 10 percent. Burns sold all of his Fitbit options within 15 minutes of the public release of his false filing, realizing illicit profits of $13,008.

On July 11, 2018, the Commission filed its complaint against Burns. Dkt. No. 1. The Commission claims that Burns violated Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) thereunder, and Section 14(e) of the Exchange Act and Rule 14e-8 thereunder.

## II.      The Proposed Settlement is Fair and Reasonable and Will Not Disserve the Public Interest.

"[T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the 'public interest would not be disserved' . . . in the event that the consent decree includes injunctive relief." *Citigroup*, 752 F.3d at 294 (quoting *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006)). "Absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements, the district court is required to enter the order." *Citigroup*, 752 F.3d at 294.

*Citigroup* set forth four factors to be assessed by the district court as part of the evaluation for fairness and reasonableness:  (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent

---

[1]      The Commission filed a complaint against Murray on May 19, 2017. Murray and the Commission reached a settlement, and this Court entered final judgment against Murray on August 13, 2018. *See SEC v. Robert W. Murray*, 17-CV-3788 (PGG) (Dkt. Nos. 16, 17). Murray was also charged criminally by the United States Attorney for the Southern District of New York. *See United States v. Robert Murray*, No. 17-CR-452 (KBF) (S.D.N.Y.). Murray pleaded guilty to one count of securities fraud and was sentenced on March 9, 2018, to two years of imprisonment, followed by two years of supervised release.

Hon. Paul Gardephe
May 30, 2019
Page 3 of 4

decree is tainted by improper collusion or corruption of some kind. *Id.* at 294. *See also SEC v. CR Intrinsic Inv'rs, LLC*, 26 F. Supp. 3d 260, 263-64 (S.D.N.Y. 2014). Although a court may make additional inquiry, depending on the particular circumstances of the case, "[t]he primary focus of the inquiry . . . should be on ensuring the consent decree is procedurally proper, using objective measures similar to the factors set out above, taking care not to infringe on the SEC's discretionary authority to settle on a particular set of terms." *Citigroup*, 752 F.3d at 295.

The four factors instruct that the Consent Judgment is fair and reasonable.

First, the Consent Judgment is legal. A proposed consent judgment "satisfies this factor so long as it is within the Court's authority to enter the decree and within Plaintiff's authority to enforce it." *United States v. IBM Corp.*, 14-cv-936 (KMK), 2014 WL 3057960, at *2 (S.D.N.Y. July 7, 2014), *order clarified*, 2014 WL 4626010 (S.D.N.Y. Aug. 7, 2014).

Section 21(d) of the Exchange Act explicitly authorizes the Commission to seek to enjoin Burns from further violations of the Exchange Act, and it authorizes the Court to enter such relief:

> Whenever it shall appear to the Commission that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of this chapter, the rules or regulations thereunder . . . it may in its discretion bring an action in the proper district court of the United States . . . to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond.

Exchange Act § 21(d)(1) [15 U.S.C. § 78u(d)(1)].

The Court's equitable authority also empowers it to order Burns to disgorge the ill-gotten gains from his market manipulation. *See S.E.C. v. Contorinis*, 743 F.3d 296, 301 (2d Cir. 2014). Civil penalties are explicitly authorized under Section 20(d)(2) of the Securities Act [15 U.S.C. § 77t(d)(2)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. *See SEC v. Aly*, 16-CV-3853 (PGG), 2018 WL 4853031, at *4 (S.D.N.Y. Oct. 5, 2018).

Second, the terms of the Consent Judgment are clear. The preamble to the Consent Judgment describes Burns' consent to this Court's jurisdiction over him and the subject matter of this action, as well as his consent to entry of the Consent Judgment, and waiver of findings of fact and conclusions of law and any right to appeal. The body of the Consent Judgment contains numbered sections, which detail: (I) (II) and (III) the injunctions, as well as those bound by the injunctions under Federal Rule of Civil Procedure 65(d)(2); (IV) the disgorgement, prejudgment interest, and civil penalty imposed against Burns in specific dollar amounts; (V) the terms of Burns' payment plan specifying an exact payment schedule; (VI) the mechanism for Burns' counsel, which is holding money in escrow, to transmit those funds to the Commission in satisfaction of Burns' first payment obligation; (VII) the force and effect of the Consent and Burns' agreement to comply with the undertakings and agreements set forth in the Consent; (VIII) the effect of the Consent Judgment in any bankruptcy proceeding; and (IX) this Court's

Hon. Paul Gardephe
May 30, 2019
Page 4 of 4

retention of jurisdiction. The Consent Judgment tracks the language of the applicable statutes and rules to which it cites and is consistent with Burns' Consent.

Third, the Consent Judgment reflects a resolution of the actual claims in the Complaint. The Consent Judgment resolves all of the Commission's claims against Burns and will bring this matter to a close.

Fourth, the Consent Judgment is not tainted by collusion or corruption of any kind. Burns was represented by counsel throughout the Commission's litigation, and the settlement is the product of an arms-length negotiation. Thus, the Consent Judgment meets the requirements for fairness and reasonableness under *Citigroup*.

Finally, the "public interest would not be disserved" by the Consent Judgment. *Citigroup*, 752 F.3d at 294. "The job of determining whether the proposed SEC consent decree best serves the public interest . . . rests squarely with the SEC, and its decision merits significant deference." *Id.* at 296. In this case, the Commission has determined that the Consent Judgment is in the public interest. The Consent Judgment advances the Commission's objectives of (1) encouraging prompt and effective responses to alleged securities law violations and cooperation with investigating authorities; (2) imposing liability on the parties responsible for those violations; (3) reducing inefficient expenditure of public funds on lengthy litigation; and (4) promoting final resolution of liability for settling parties.

Thus, because the Consent Judgment is fair and reasonable, and because the public interest would not be disserved by it, the parties respectfully request that the Court approve the settlement and enter the Consent Judgment.

Respectfully submitted,

Julia C. Green

cc:     Elena Fast, Esq. (be ECF)